## McLAUGHLIN vs. McLAUGHLIN.

[BILL IN EQUITY FOR INJUNCTION OF JUDGMENT AT LAW.]

1. *What is revisable on error.*—On appeal from a decree in chancery, dissolving an injunction on the denials of the answer, without passing on the equity of the bill, the appellate court will only consider the single question decided by the chancellor.
2. *Refunding bond.*—When an injunction of a judgment or action at law is dissolved by interlocutory decree, the defendant must be required to give a refunding bond, as prescribed by section 2982 of the Code.

APPEAL from the Chancery Court of Perry.

Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed by John R. McLaughlin and Samuel G. McLaughlin, Jr., against Samuel G. McLaughlin, Charles McLaughlin, George McLaughlin, and Samuel Whitman. Its object was, to enjoin a judgment, which said Samuel G. McLaughlin, as the executor of the last will and testament of John McLaughlin, deceased, had obtained against said Samuel G. McLaughlin, Jr., on a promissory note executed by the latter as the surety of James McLaughlin, deceased; and an action at law, founded on the same note, which said Samuel G. McLaughlin had instituted against said John McLaughlin, as the administrator of said James McLaughlin, deceased; also, to set off the amount due on this note against the distributive interest of the said James McLaughlin, deceased, in the estate of said John McLaughlin, deceased, and, to that end, to have the administration of said estate settled in the chancery court. The bill alleged, that said note was given for property bought by James McLaughlin, at a sale made by said Samuel G. McLaughlin, as executor of said John McLaughlin; that said James McLaughlin was induced by said executor to become the purchaser of this property, under the promise that it should be paid out of his interest as a distributee in the estate; and that

said note was signed by said Samuel G. McLaughlin, Jr., as the surety of said James, under a similar promise by the executor. Charles and George McLaughlin were distributees of the estate of said John McLaughlin, deceased; and Samuel Whitman was joined as a co-defendant with them, on the ground that he had purchased the distributive interest of said Charles, and had afterwards sold and transferred it to said Samuel G. McLaughlin.

Samuel G. McLaughlin answered, denying the allegations of the bill, as to the promise and representations under which the property was bought by James McLaughlin, and the note for the purchase-money signed by said Samuel G. McLaughlin, Jr.; but admitting all the other material averments. After filing this answer, he moved to dissolve the injunction, as well for want of equity in the bill, as on the denials contained in the answer. The chancellor dissolved the injunction, in vacation, without deciding on the equity of the bill, and without requiring a refunding bond; and his decree is now assigned as error.

J. R. JOHN, for appellants.

I. W. GARROTT, contra.

STONE, J.—The chancellor declined to pass on the equity of the bill; and, under the circumstances, we think it our duty to do likewise. Had the chancellor expressed any opinion on the frame of the bill, or its equities, motions and applications might have been urged before him, which we, as an appellate court, are incompetent to pass on.

We agree with the chancellor, that the answer contains a full and complete denial of every averment in the bill on which its claim to relief can be made to rest. He, therefore, did not err in dissolving the injunction.

The defendant had a judgment at law, which under the bill in this case was enjoined. In dissolving the injunction, the chancellor should have required the defendant to execute a refunding bond, under section 2982 of the Code. For failing to do so, his decretal order dissolving the injunction is reversed; and this court, proceeding to

make such an order as the chancellor should have made, doth hereby order and decree, that the injunction heretofore granted in this cause, be dissolved, on the defendant entering into bond, payable to, and approved by the register in chancery, for the chancery court in and for Perry county, in the terms prescribed by section 2982 of the Code.

Let the costs of this appeal be paid by the appellee.